UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/2024

JASON CALDERON,

                Plaintiff,

       -against-

NEW YORK CITY DEP'T OF HOMELESS
SERVS.; NEW YORK STATE DEP'T OF
SOCIAL SERVS.; UNITED STATES DEP'T OF
STATE

                Defendants.

24-CV-4631 (VEC)

ORDER OF SERVICE

VALERIE E. CAPRONI, United States District Judge:

Plaintiff brings this action, *pro se*, alleging that Defendants violated his federal constitutional and statutory rights. The Court construes these claims as arising under 42 U.S.C. § 1983 and 42 U.S.C. § 3604. By order dated June 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court: (1) directs the Clerk of Court, pursuant to Rule 21 of the Federal Rules of Civil Procedure, to substitute Defendant New York City Department of Homeless Services with the City of New York; (2) dismisses Defendant New York State Department of Social Services from this action pursuant to the Eleventh Amendment of the U.S. Constitution and, to the extent Plaintiff seeks monetary relief, 28 U.S.C. § 1915(e)(2)(B)(iii); (3) dismisses Defendant U.S. Department of State from this action pursuant to the doctrine of sovereign immunity and, to the extent Plaintiff seeks monetary relief, 28 U.S.C. § 1915(e)(2)(B)(iii); and (4) directs service on Defendant City of New York.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when it lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

2

legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.      Claims against the New York City Department of Homeless Services

Plaintiff asserts claims against the New York City Department of Homeless Services, yet "the overwhelming body of authority holds that [a city agency] is not a suable entity." *Jenkins v. New York City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 510 (S.D.N.Y. 2009) (quoting *Renelique v. Doe*, No. 99-CV-10425, 2003 WL 23023771, at *6 (S.D.N.Y. Dec. 29, 2003) (internal quotations omitted)). "Chapter 17, Section 396 of the New York City Charter provides that all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency." *Relenique*, 2003 WL 23023771, at *6.

In light of Plaintiff's *pro se* status and likely intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the New York City Department of Homeless Services with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B.      Claims against the New York State Department of Social Services

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not

waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Accordingly, as an agency of the State of New York, the New York State Department of Social Services is an arm of the State and is protected by Eleventh Amendment immunity from the claims Plaintiff seeks to bring.[1] The Court therefore dismisses all claims brought against this defendant under the Eleventh Amendment, and to the extent Plaintiff seeks monetary relief, under 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.     Claims against the U.S. Department of State**

The U.S. Department of State is similarly immune from suit under the doctrine of sovereign immunity that applies when federal agencies are sued. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Further, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)) (internal quotations omitted). Therefore, "[i]n the absence of clear congressional consent, then, there is no

---

[1] Nor does the *Ex Parte Young* exception to state immunity apply here; Plaintiff does not assert a claim for injunctive relief in "challenging the constitutionality of a state official's actions in enforcing state law." *CSX Transp. Inc. v. New York State Off. of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002). Rather, Plaintiff's allegations appear to stem solely from "the publicly announced plan of Mayor Eric Adams to alleviate overcrowding in the City of New York's homeless shelter system by sending recently arrived asylum seekers to temporarily reside in public accommodations located in nearby counties through participating hotels." *Cnty. of Orange v. Crossroads Hotel*, No. 23-CV-4213 (NSR), 2024 WL 1739914, at *1 (S.D.N.Y. Apr. 23, 2024). These allegations pertain solely to the City of New York's policy, and do not appear to implicate the New York State Department of Social Services at all.

jurisdiction . . . to entertain suits against the United States." *Mitchell*, 445 U.S. at 538 (quoting *United States v. Sherwood*, 312 U.S. 584, 587–88 (1941) (internal quotations omitted)).

Plaintiff's claim implicates no statute that Congress has implemented to permit suit against the United States.[2] Therefore, his claims against the Department of State are barred under the doctrine of sovereign immunity. The Court thus dismisses all claims brought against the Department of State pursuant to the doctrine of sovereign immunity, and to the extent Plaintiff seeks monetary relief, under 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.      Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[2] Any exceptions that the Federal Tort Claims Act ("FTCA") provides to sovereign immunity do not apply here. The FTCA only pertains to certain claims arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). While a plaintiff may seek damages against the United States under the FTCA, such relief is not available for the violation of a constitutional right. *See FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). Plaintiff alleges no facts implicating any federal officers or employees—his complaint appears to pertain only to the City of New York's immigration policy. Further, the claims he does make arise under the Constitution and federal housing law, not tort law.

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on named defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date a summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Homeless Services, *see Relenique*, 2003 WL 23023771, at *6; the New York State Department of Social Services, *see Trotman*, 557 F.2d at 4; *see also* 28 U.S.C. § 1915(e)(2)(B)(iii); and the U.S. Department of State, *see Robinson*, 21 F.3d at 510; *see also* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court directs the Clerk of Court to terminate these Defendants from this action.

The Clerk of Court is directed to replace the City of New York as the defendant in this action. *See* Fed. R. Civ. P. 21.

The Clerk of Court is also directed to issue a summons for Defendant City of New York, complete the USM-285 form with the address for the defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Finally, the Clerk of Court is directed to mail Plaintiff an information package.

6

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 16, 2024
         New York, New York

_____
VALERIE E. CAPRONI
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

City of New York
New York City Law Department
100 Church Street
New York, NY 10007