UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

JASON CALDERON,

                    Plaintiff,

      -against-

CITY OF NEW YORK et al.,

                    Defendants.

24-CV-4631 (VEC) (KHP)

ORDER ADOPTING REPORT & RECOMMENDATION

----

VALERIE CAPRONI, United States District Judge:

    Plaintiff Jason Calderon sued the City of New York, raising various challenges to the City's systems for housing homeless individuals as opposed to migrants and asylum seekers. *See* Compl., Dkt. 1. The Court referred the case to Magistrate Judge Parker for general pretrial case management and to issue a report and recommendation on any dispositive motions. July 16, 2024, Order, Dkt. 7. The City moved to dismiss. Motion to Dismiss, Dkt. 30 (the "Motion"). Magistrate Judge Parker recommended that the Motion be granted and that the case be dismissed without prejudice. Report and Recommendation (the "R&R"), Dkt. 37. Defendant did not respond to the Motion, and neither party objected to the R&R. The Motion is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

    Plaintiff, who is proceeding *pro se*, sued the New York City Department of Homeless Services, the New York State Department of Social Services, and the United States Department of State, raising various challenges related to the City's treatment of homeless U.S. citizens as opposed to migrants and asylum seekers. Compl. at 3–5. He appears to assert four claims: first, that he was denied equal protection under the law because he and other U.S. citizens were forced to rely on the City's shelter system while migrants were given shelter in hotels; second, that

1

housing migrants in hotels inhibits their "ability to assimilate" to U.S. culture; third, that he and others were denied due process by virtue of the City's decision to house migrants in hotels; and fourth, that the City's disparate treatment of migrants and non-migrants violates the Fair Housing Act ("FHA"). *Id*.

Shortly after Plaintiff filed the Complaint, the Court dismissed New York State Department of Social Services pursuant to the Eleventh Amendment of the U.S. Constitution and dismissed the U.S. Department of State pursuant to the doctrine of sovereign immunity. *See* July 16, 2024, Order, Dkt. 6, at 6. The Court ordered the Clerk of Court, pursuant to Rule 21 of the Federal Rules of Civil Procedure, to substitute the City of New York for New York City Department of Homeless Services. *Id*.

The City moved to dismiss, and Magistrate Judge Parker recommended that the Court grant the Motion and dismiss the case without prejudice. *See* Motion; R&R. Plaintiff did not respond to the Motion, and neither party objected to the R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

Careful review of the R&R reveals that there is no clear error in its conclusions. With respect to the constitutional claims, the Court agrees with Magistrate Judge Parker that Plaintiff's Complaint should be construed to allege an equal protection challenge pursuant to 42 U.S.C. § 1983, and that Plaintiff has failed to allege sufficient facts from which to infer that he was

treated unequally. R&R at 10–12. To the extent Plaintiff intends to raise other constitutional claims arising out of what he perceives to be his poor treatment in the City's shelter system, the Court agrees with Magistrate Judge Parker that "the Constitution does not provide judicial remedies for every social and economic ill, and there is not any constitutional guarantee of access to dwellings of a particular quality." *Id.* at 12–13 (citations and internal quotation marks omitted). Finally, the Court agrees that Plaintiff has failed to allege a deprivation of liberty or property sufficient to give rise to a claim pursuant to the Due Process Clause. *Id.* at 13–14.

With respect to Plaintiff's claims about the harms allegedly suffered by migrants as a result of the City's actions, the Court agrees that Plaintiff lacks standing to bring such claims because he does not allege that he is a migrant. *Id.* at 8.

With respect to the FHA claim, the Court agrees that the FHA does not apply to individuals seeking free government shelter. *Id.* at 14–15.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in full. Accordingly, Defendant's motion to dismiss is GRANTED. Because Plaintiff is *pro se* and it is possible that he may be able to allege additional facts sufficient to support his constitutional claims pursuant to Section 1983 (assuming he has exhausted administrative remedies), the case is DISMISSED WITHOUT PREJUDICE.

Because neither party objected to the R&R, and because the R&R expressly warned that the failure timely to object would result in the waiver of any such objections, appellate review of this decision is precluded. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604–05 (2d Cir. 2008).

**SO ORDERED.**

Date:  July 8, 2025
      New York, New York

                                           **VALERIE CAPRONI**
                                           **United States District Judge**